IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH R. WARNER,<br><br>    Plaintiff,<br><br>v.<br><br>BARBARA J. WARNER,<br><br>    Defendant. | 8:24CV128<br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the Court on plaintiff Joseph R. Warner's ("Warner") "Motion to Reconsider Judgment of Dismissal and/or to Alter and Amend Memorandum and Order Pursuant to FRCP Rule 59(e)" (Filing No. 19). Warner asks the Court to reconsider its prior Memorandum and Order (Filing No. 17) and Judgment (Filing No. 18) dismissing his complaint against his sister (Filing No. 1) as precluded by his earlier suit against her. *See* Fed. R. Civ. P. 12(b)(6); *Bohling v. Tecumseh Poultry LLC*, 988 N.W.2d 529, 535 (Neb. 2023) (explaining that, under Nebraska law, claim preclusion bars the subsequent litigation of "matters actually litigated" and those "which might have been litigated in the prior action").

  "Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.'" *Webb v. Exxon Mobil Corp.*, 856 F.3d 1150, 1159 (8th Cir. 2017) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 & n.3 (8th Cir. 2006)). Whether or not to grant such a motion is a matter of this Court's broad discretion. *See id.* at 1160. The Court has carefully reviewed Warner's arguments[1] and finds he fails to demonstrate adequate grounds warranting reconsideration. His motion is therefore denied.[2]

---

  [1]Among other things, Warner erroneously states "[t]his Court failed to use the now-accepted test in preclusion law," citing to federal law and the case law of various

Despite his belief that the Court has "mischaracterized [his] litigation as redundant, vindictive, and harassing," the Court remains concerned by Warner's litigation tactics and again reminds him of this Court and other's "inherent power . . . to levy sanctions in response to abusive litigation practices." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764-65 (1980); *see also United States v. Gonzalez-Lopez*, 403 F.3d 558, 564 (8th Cir. 2005) (discussing the district courts' "authority . . . to assess attorney's fees" and other sanctions "against a party which has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" (quoting *Kelly v. Golden*, 352 F.3d 344, 352 (8th Cir. 2003))).

IT IS SO ORDERED.

Dated this 2nd day of July 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

states. But as the Court explained before, Nebraska law governs the question of whether his most-recent claims were precluded by his prior litigation. *See Semtek Int'l. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-08 (2001); *Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1043 (8th Cir. 1997).

[2]Warner's filing of the instant motion "'suspend[ed] the finality of the original judgment' for purposes of an appeal" in this matter. *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373 n.10 (1984)). As a result, "the 30-day appeal clock" starts upon the entry of this Memorandum and Order. *Id.*; *see* Fed. R. App. P. 4(a)(4)(A)(iv).